**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**IN RE:  Frederick J. Bilter, Jr.**                                        Case No. 05-37702-DOT
           Chapter 13 Debtor

**MEMORANDUM OPINION AND ORDER**

Hearing was held June 20, 2007, on a creditor's objection to debtor's notice of voluntary conversion from chapter 13 to chapter 7.  For the reasons set forth below, the court will overrule the objection and order the case converted.

Findings of Fact

Debtor Frederick J. Bilter, Jr., filed a petition under chapter 13 of the Bankruptcy Code on September 1, 2005. No chapter 13 plan has been confirmed, although debtor has made plan payments to the trustee in the total amount of  $10,850.00. Creditor Delia B. Halstead, by counsel, filed an objection to confirmation and motion to dismiss the case in response to debtor's fourth amended chapter 13 plan filed on January 9, 2007. Hearing on the objection and motion was held April 18, 2007, at which time the court learned that a liquidated unsecured claim in the amount of $328,511.37 had been filed by Empire Petroleum. On the filing date of this case the relevant limit of debt for chapter 13 eligibility as provided by Bankruptcy Code § 109(e) was $307,675.00. Accordingly, the court orally ruled in open court on April 18 that the case would be dismissed because the amount of debtor's debt exceed the eligibility limit.

On May 9, 2007, debtor filed a notice of voluntary conversion seeking to convert his chapter 13 case to a case under chapter 7. (At the time debtor's motion was filed, no sketch order of dismissal had been filed with the court pursuant to the bench ruling of April 18.) The creditor

subsequently filed an objection to the debtor's notice of voluntary conversion. Hearing was held

June 20, 2007, for the court to decide whether to dismiss the case or allow conversion to chapter

7. The court took the issue under advisement and requested the parties to file memoranda of law,

which have been received.

Conclusions of Law

A ruling of the court is not effective until reduced to written order entered on the docket.

Moreover, the court is not bound by the prior oral bench ruling of April 18. Here, the court finds

the circumstances have changed since April 18, and debtor's notice of voluntary conversion may

be considered on its merits.

The creditor argues that because debtor exceeded the eligibility limits for chapter 13 set

forth in 11 U.S.C. § 109(e), he is not entitled to consideration as a "debtor" under chapter 13

who may voluntarily convert his case to chapter 7. In essence, the creditor argues that debtor's

case filing lacks a jurisdictional basis, and debtor's only option will be to re-file under currently

applicable law.

To the contrary, case law supports the conclusion that a debtor's chapter 13 case may be

converted to another chapter even after a finding of § 109(e) ineligibility. According to these

cases, the chapter 13 debt limitations provided by § 109(e) do not impact the bankruptcy court's

subject matter jurisdiction but instead determine only the debtor's eligibility for relief.  In re

Wenberg, 94 B.R. 631, 637 (B.A.P. 9th Cir. 1988) *aff'd* 902 F.2d 768 (9th Cir. 1990).  Wenberg

also noted that the definition of "debtor" in the bankruptcy code encompasses title 11 in its

entirety. Thus a person may be ineligible to be a debtor under one chapter but may be a debtor

based on eligibility for any chapter under the title. Id. The Court of Appeals for the Eighth

Circuit has also held that § 109(e) does not restrict the bankruptcy court's jurisdiction to enter an

2

order converting a case where a debtor is ineligible for relief under chapter 13. <u>Rudd v.</u>

<u>Laughlin</u>, 866 F.2d 1040 (8th Cir. 1989). Finally, this approach has been followed by a district

court and a bankruptcy court in the Fourth Circuit. <u>Shaw v. Ehrlich</u>, 294 B.R. 260, 270 (W.D.

Va. 2003); <u>In re Tatsis</u>, 72 B.R. 908, 910–11(Bankr. W.D.N.C. 1987).

 Accordingly, debtor is not precluded from converting his case to chapter 7 even though

he exceeded the eligibility limits for chapter 13 as set forth in § 109(e). As the court finds no

compelling reason to dismiss the case, debtor's conversion motion will be granted. Of course,

debtor's conversion to chapter 7 does not shield him from challenges to his good faith in filing or

his conduct during the course of the chapter 13 or chapter 7.

 Accordingly,

 **IT IS ORDERED** that creditor Delia B. Halstead's motion to dismiss is DENIED; and

 **IT IS ORDERED** that creditor Delia B. Halstead's objection to debtor's notice of

voluntary conversion is OVERRULED; and

 **IT IS FURTHER ORDERED** that debtor's notice of voluntary conversion is allowed,

and debtor's case is converted to one under Chapter 7 of the Bankruptcy Code.  A separate order

converting the case will be entered.

 SIGNED: _____


    <u>/s/ Douglas O. Tice Jr.</u>
    DOUGLAS O. TICE JR.
    CHIEF UNITED STATES BANKRUPTCY JUDGE


Copy to:

Brett Alexander Zwerdling
Zwerdling, Oppleman & Adams
5020 Monument Avenue

Richmond, VA 23230
*Counsel for Debtor*

James E. Kane
Gregory Kaplan, PLC
1710 East Franklin Street
Suite 200
Richmond, VA 23223
*Counsel for Delia B. Halstead*

Robert E. Hyman
P.O. Box 1780
Richmond, VA 23218-1780
*Chapter 13 Trustee*